## David C. Griffing *v.* Stephen M. Routh.

A runaway slave, supposed to belong to defendant, was concealed in defendant's fodder house, among the fodder. Two slaves of defendant were sent to capture him. They thrust a broadsword into the fodder to frighten him out, and in so doing, inflicted a wound of which he died. *By the Court:* It was a grossly negligent and wanton act on the part of the defendant's slaves to thrust a dangerous weapon like a broadsword into the fodder where they believed a fellow-slave was concealed. It matters not that they did not intend to kill him. The master is liable for the damage done by this inexcusable negligence and barbarity, to the extent of being compelled to pay for the slave killed or to abandon his own guilty slaves to the person injured.
Code, 180, 181, 2300.

APPEAL from the District Court, Tenth District, Parish of Tensas, *Snyder*, J. *Farrar*, for plaintiff. *Chilton* and *W. M. Perkins*, for defendant and appellant.

Spofford, J. Some slaves of the defendant killed a slave of the plaintiff under the following circumstances:

The defendant was absent at the north. One of his slaves ran away. A runaway was ascertained to be lurking about the premises. The defendant's overseer, supposing him to be the runaway slave of the defendant, sent the driver with another of the hands to the fodder-house, with orders to capture

GRIFFING
v.
ROUTH.

him. They found that the fugitive was concealed under the fodder. With a view to frighten or force him out, one of them began thrusting a broadsword (used for pruning hedges) down into the fodder. In doing so, he plunged the sword into the runaway's abdomen, and wounded him so severely that he died in a few hours, notwithstanding surgical aid was procured as soon as possible. It turned out that he was the slave of the plaintiff.

A jury of the vicinage rendered a verdict in favor of the plaintiff for the value of the slave thus killed ; and the District Judge, refusing a motion for a new trial, gave judgment pursuant to the verdict. The defendant has appealed.

The appellant complains that there is not sufficient evidence that the plaintiff owned the boy that was killed. We think his own admission is sufficient.

He contends that if the slave did belong to plaintiff, then, being a runaway, he could not be worth $1200, the sum awarded by the jury. There is positive evidence that he was worth that sum, which the jury believed.

Again, it is urged that the slave killed was himself acting wrongfully, being at the time a runaway and a trespasser, and that, as he brought his death upon himself, the plaintiff cannot recover.

But the wrong doing of the slave did not contribute naturally and directly to his being killed with the broadsword. This distinguishes the case palpably from the cases of *Lesseps* v. *The Pontchartrain Railroad Company*, 17 L., 361, and *Fleytas* v. *Pontchartrain Railroad Company*, 18 L., 339, cited by the defendant's counsel. In one of these cases, the slave was killed in consequence of his own temerity in driving his cart across the railroad track, when he knew the cars were approaching at full speed ; in the other, the slave was lying on the track asleep, intoxicated, or in a fit, (of which there was no evidence,) and the opinion of the court states that the testimony did not show that the engineer was guilty of a want of due care.

It was a grossly negligent and wanton act on the part of the defendant's slaves to thrust a dangerous weapon, like a broadsword, into the fodder where they believed a fellow-slave was concealed. It matters not that they did not intend to kill him. The master is liable for the damage done by their inexcusable negligence and barbarity, to the extent of being compelled to pay for the slave killed, or to abandon his own guilty slaves to the person injured.— " The master shall be answerable for all the damages occasioned by an offence or *quasi-offence*, committed by his slave, independent of the punishment inflicted on the slave." C. C., 180 ; see as to abandonment, Arts. 181, 2300.

The judgment is, therefore, affirmed, with costs.